UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEITHLAND WELCH, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:12-cv-49 SNLJ |
| COATINGS AND SYSTEMS INTEGRATION, LTD., et al. | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Coatings and Systems Integration, Ltd.'s Rule 12(b)(2) Motion to Dismiss, filed on April 20, 2012 (#3). Plaintiff filed a response in opposition, but defendant has not replied, and the time for doing so has now passed. As noted below, the defendant's failure to file a reply is of some import given that the plaintiff responded with a affidavit and filed an amended complaint adding additional parties, which this Court permitted. This matter is now ripe for disposition.

Plaintiff Keithland Welch alleges that he was injured when his right hand became caught in a conveyor system while he was working at HAVCO Wood Products ("HAVCO"). Four of plaintiff's fingers were partially amputated as a result. Plaintiff filed this lawsuit against Coatings and Systems Integration, Ltd. ("CASI") alleging that defendant had designed, manufactured, caused to be assembled, and fabricated the conveyor system in question; plaintiff claims that CASI is liable under strict liability and negligence theories for his injuries.

CASI filed the instant motion and states that plaintiff has named the wrong defendant because CASI did not design, manufacture, cause to be assembled, or fabricate the conveyor system. Further, CASI states that it is in the business of "integrating manufacturing systems,"

but that it does not manufacture equipment. CASI states it has never done business in Missouri, and that this Court lacks personal jurisdiction over it as a result.

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendants can be subjected to jurisdiction within the state. Once jurisdiction has been controverted or denied, the plaintiff has the burden of proving such facts" through affidavits. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004) (internal quotation omitted). The Court must view the evidence in the light most favorable to, and resolve disputes in favor of, the nonmoving party. *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2011); *Stanton v. St. Jude Medical, Inc.*, 340 F.3d 690, 693 (8th Cir. 2003); *see also Digi-Tel Holdings, Inc. v. Proteq Telecommunications, Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996); *Wallow Elec. Mfg. v. Patch Rubber Co.*, 838 F.2d 999, 1000 (8th Cir. 1988) (noting that written submissions are viewed in the light most favorable to the plaintiff, but that at trial, the burden is on the plaintiff to establish jurisdiction by a preponderance of the evidence).

In a diversity action such as this one, the Court "may assume jurisdiction over the nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." *Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004). The Missouri long-arm statute was "intended to provide for jurisdiction...to the full extent permitted by the due process clause." *State ex rel. Metal Serv. Ctr. of Ga., Inc. v. Gaertner*, 677 S.W.2d 325, 327 (Mo. 1984) (en banc).

"Due process requires that the defendant purposefully establish 'minimum contacts' in the forum state such that asserting personal jurisdiction and maintaining the lawsuit against the defendant does not offend 'traditional conceptions of fair play and substantial justice.'" *K-V*

*Pharm. Co.*, 648 F.3d at 592 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464, 474–477 (1985)). "The defendant must have engaged in some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.... This purposeful-availment requirement is met where the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *K-V Pharm. Co.*, 648 F.3d at 592 (internal quotations and citations omitted).

The Eight Circuit employs a five-factor test in determining whether personal jurisdiction exists, giving "significant weight" to the first three factors: (1) the nature and quality of defendant's contacts with Missouri; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of Missouri in providing a forum for its residents; and (5) the convenience of the parties. *Romak USA, Inc.*, 384 F.3d at 984 (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004)).

The Missouri Long-Arm statute states that "the transaction of any business within the state" and the "commission of a tortious act within the state" subjects a person or corporation to jurisdiction in Missouri. § 506.500 R.S.Mo. Although defendant CASI is not located in Missouri, it is alleged to have designed, manufactured, and sold directly to HAVCO the conveyor system that caused plaintiff's injury; thus, CASI's actions are alleged to be squarely within the "business" and "tortious act" provisions of the long-arm statute. *See Insituform Technologies, Inc. v. Reynolds, Inc.*, 398 F. Supp. 2d 1058, 1063 (E.D. Mo. 2005) (noting that the "phrase 'commission of a tortious act within this state' has been interpreted by Missouri courts as including extraterritorial acts which produce actionable consequences in Missouri") (internal quotations omitted).

Defendant CASI does not argue that the act of conducting business with HAVCO and supplying the conveyor (which allegedly resulted in a tort) does not subject it to jurisdiction in Missouri. Rather, CASI, by way of its CEO's affidavit, simply denies that it had anything to do with the conveyor system in question. Plaintiff responded to defendant's motion with an affidavit from HAVCO's human resources manager, who states that CASI <u>did</u> furnish the conveyor system in question to HAVCO. Plaintiff also amended his complaint to add as defendants (1) Cole Oehler, the chief executive officer for CASI; (2) One Finale, Ltd., the predecessor corporation to CASI; and (3) Coating Application Specialists, Inc., a sister corporation to CASI and of which Mr. Oehler is also president,[1] because "based on Oehler's affidavit filed herein, the possibility exists that plaintiff has, as suggested by defendant, named the wrong defendant." (#6 at 2.) Plaintiff thus appears poised to proceed against all four defendants.

Whether CASI is responsible for the conveyor system remains disputed: CASI's CEO states that CASI did not supply the conveyor system, while HAVCO's human resources manager avers that her investigation led her to the conclusion that the conveyor system <u>was</u> obtained from CASI. It is telling that, when faced with plaintiff's HAVCO affidavit and the amended complaint (and associated memorandum) adding additional defendants, the defendant chose not to file a reply memorandum. Regardless, the Court resolves disputes in favor of the plaintiff at this stage. *K-V Pharm. Co.*, 648 F.3d at 592. As a result, the motion will be denied without prejudice.

---

[1] In plaintiff's motion to amend his complaint (but not in an affidavit submitted in response to defendant CASI's motion, and not in the amended complaint itself), plaintiff states that defendant Oehler made numerous trips to Cape Girardeau relating to the installation of the conveyor system at HAVCO.

4

Accordingly,

**IT IS HEREBY ORDERED** that defendant Coatings and Systems Integration, Ltd.'s Rule 12(b)(2) Motion to Dismiss, filed on April 20, 2012 (#3), is hereby **DENIED without prejudice**.

Dated this   21st   day of June, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE